#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Jesus Ramon Hernandez-Sendejas    )  | |
| )  | |
| Petitioner/Defendant,    )  | |
| )  | |
| v.                        )  | Case No. 02-10117-001WEB |
| )  | 05-3236-WEB |
| United States of America,    )  | |
| )  | |
| Respondent/Plaintiff.    )  | |

<u>MEMORANDUM AND ORDER</u>

Now before the Court is the motion of petitioner of Jesus Ramon Hernandez-Sendejas, to vacate, set aside or correct his sentence under the provisions of 28 U.S.C. § 2255.

A review of the record reflects that petitioner pleaded guilty on June 19, 2003 to one count of violating 21 U.S.C. § 846, conspiracy to distribute controlled substances. The defendant was sentenced on October 27, 2003 to 168 months imprisonment and judgment was entered on October 31, 2003. Petitioner did not file a direct appeal. On May 24, 2005 Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Petitioner argues that his sentence is incorrect and unconstitutional because: 1) the Court erred under U.S.S.G. § 2D1.1(c) when determining the sentence level based on drug quantity; 2) Petitioner merits a sentence reduction because he was a minimal participant; 3) under *Booker*, Petitioner's sentence was unconstitutionally enhanced because the Court found that he was a leader or organizer; 4) Petitioner qualifies for the sentence reduction under the safety valve provision in U.S.S.G. § 5C1.2; and 5) *Booker*,

-1-

*Blakely* and *Apprendi* impact his sentence. *Blakely v. Washington*, 124 S. Ct. 2531 (2004); *United States v. Booker,* 543 U.S. _, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Petitioner also states that his lawyer said he would appeal these issues; however, Petitioner makes no ineffective assistance of counsel claim.

### I.  STANDARD

Under 28 U.S.C. § 2255 a defendant has a one year period of limitation which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

### II. ANALYSIS

The Court will use § 2255(1) to calculate the one-year period of limitations.  Judgment was entered on October 31, 2003 and Petitioner did not file a direct appeal.  Federal Rules of Appellate Procedure state that a defendant has 10 days from the judgment to enter an appeal.  Fed. R. App. P. 4(b)(1)(A). The one-year time period begins once the time for filing a direct appeal expires; therefore, petitioner's one-year period of limitations expired in November of 2004.  *Cf. United States v. Hurst*, 322 F.3d 1256, 1258 (10th Cir. 2003)("If a prisoner does not file a petition for writ of certiorari with the United States Supreme

Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." quoting *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000)). Petitioner filed this motion in May 24, 2005, well after the time expired under § 2255(1).

Nor can Petitioner avail himself to § 2255(3) as neither *Blakely* nor *Booker* is retroactively applicable to cases on collateral review. *United States v. Price,* 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely* not retroactively applicable to initial 2255 motions); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (U.S. Supreme Court has made *Booker* applicable only to cases on direct review). Petitioner does not offer any explanation for belatedly submitting this appeal; therefore, the doctrine of equitable tolling does not apply. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control). Petitioner does not advance any other argument for calculating the period of limitations under § 2255; therefore, his claim is time barred.

### III. WAIVER

Even assuming *arguendo* that Petitioner's motion were not time barred, he would be unable to raise these claims because he has waived the ability to collaterally attack his sentence. (Doc. 149). The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellate rights in the plea agreement. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). To hear such an appeal on the merits the Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily

waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein". *Id.*

a. Scope

The Court "will construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Id.* quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement..." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Petitioner's plea agreement specifically includes a statement waiving the right to attack the sentence through collateral review on a § 2255 motion except to the extent that the court departs upwards from the applicable sentencing guideline range determined by the court. (Doc. 299).

The pre-sentence report shows that Petitioner's offense level was 35 and his criminal history was I; therefore, the applicable guideline range was 168-210 months. U.S.S.G. § 5A. The Court did not depart upwards from the applicable sentencing range because Petitioner was sentenced to 168 months. (Doc. 418).

b. Knowing and Voluntariness of Petitioner's Waiver

This Court will only enforce plea agreements that defendants enter into knowingly and voluntarily. *Hahn*, 359 F.3d at 1328; *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001). Petitioner bears the burden to show that he did not make the plea agreement knowingly and voluntarily. *Hahn*, 359

F.3d at 1328; *United States v. Edgar,* 348 F.3d 867, 872-873 (10th Cir. 2003) (Petitioner "has the burden to present evidence from the record establishing that he did not understand the waiver.").

Because Petitioner does not dispute this factor, the Court holds that he did enter into the plea agreement and waiver knowingly and voluntarily.

c. Miscarriage of Justice

An enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations is present: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. The fourth factor is satisfied when the waiver contains an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.; see United States v. Olano*, 507 U.S. 725, 732 (1993). The petitioner has the burden to show that enforcement of the waiver in the plea agreement would result in a miscarriage of justice. *United States v. Anderson,* 374 F.3d 955, 959 (10th Cir. 2004).

None of Petitioner's claims relate to the above factors. Even had Petitioner asserted an ineffective assistance of counsel claim, the issues his attorney failed to appeal relate not to the negotiation of the waiver but to sentencing. The Court holds that enforcement of the waiver will not result in a miscarriage of justice. Hence, even if Petitioner's claim were not time barred the Court would still dismiss this appeal because the issues presented are within the scope of the waiver and cannot be raised.

The Court also addresses a pending motion for a request for a free transcript. To receive a free

transcript on collateral appeal, Petitioner must demonstrate that his claim is not frivolous. *Ruark v. Gunter,* 958 F.2d 318, 319 (10th Cir. 1992). As elucidated in the above paragraphs, Petitioner has not shown the existence of a non-frivolous issue. See also (Doc. 472).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 475) be DISMISSED;

IT IS FURTHER ORDERED that Petitioner's motion to produce transcripts (Doc. 467) be DENIED; and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. Section 2253 be DENIED.

SO ORDERED this  2nd   day of June, 2005.

 s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge