# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Jesus Ramon Hernandez-Sendejas  )
              )
   Movant/Defendant,   )
              )
v.              )  Case No. 02-10117-001WEB
              )
United States of America,    )
              )
   Respondent/Plaintiff.   )

## MEMORANDUM AND ORDER

Now before the Court is the motion of Jesus Ramon Hernandez-Sendejas "to preserve enhancement issues". (Doc. 478).

A review of the record reflects that Movant pleaded guilty on June 19, 2003 to one count of violating 21 U.S.C. § 846, conspiracy to distribute controlled substances. (Doc. 300). The defendant was sentenced on October 27, 2003 to 168 months imprisonment and judgment was entered on October 31, 2003. (Doc. 420). Movant did not file a direct appeal; however, he did file a motion pursuant to 28 U.S.C. § 2255 on May 24, 2005. (Doc. 475). This Court dismissed Movant's collateral appeal on June 7, 2005. (Doc. 476). On January 6, 2006, Movant filed the present motion.

Movant argues that under *Dodd v. United States*, 125 S. Ct. 2478 (2005), he has one year from the Supreme Court's recognition of a new constitutional right to file a claim under 28 U.S.C. § 2255. Movant has filed the present motion within a year of the *Booker* decision and argues that *Dodd* allows him to preserve his ability to appeal his sentence enhancements should *Booker* become retroactively applicable.

*United States v. Booker*, 543 U.S. 220 (2005) (decided January 12, 2005).

The period of limitations in section 2255 states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;...

28 U.S.C. § 2255 para. 6(3).

Movant correctly states that the Supreme Court in *Dodd* held that the one year limitations period for filing 2255 petitions in subsection (3) runs from the date the new law is recognized and not when it is found to be retroactive. Id. However, Movant misapplies *Dodd* when he states that it preserves his ability to constitutionally attack his sentence under *Booker*. The *Dodd* case resolved a statutory dispute as to when the year long period of limitations begins. It does not provide courts with an extra-statutory ability to preserve a defendant's right to appeal indefinitely until the Supreme Court revisits a case to declare it retroactive.

Because it is clear that *Dodd* does not allow the Court to afford the relief Movant requests, the Court could construe this motion narrowly and deny it. However, the Court notes that any future motion requesting relief under *Booker* would be made after January 12, 2006; consequently, under *Dodd*, it would be time barred. 28 U.S.C. § 2255 para. 6(3). Given Movant's unambiguous desire to preserve his *Booker* argument, the Court will construe his *pro se* motion liberally and convert it into a second motion under section 2255.

Under 28 U.S.C. § 2255, a successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain:

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 para. 8.

    Under 28 U.S.C. § 2244(b)(3)(A), an applicant shall move the appropriate court of appeals for an order authorizing the district court to consider a second or successive application for relief under § 2255. *See Leonard v. United States,* 383 F.3d 1146, 1147 (10th Cir. 2004). The record shows that Movant did not obtain authorization from the Tenth Circuit Court of Appeals to file this successive §2255 motion; therefore, this Court has no jurisdiction to consider the merits. *See United States v. Avila-Avila,* 132 F.3d 1347, 1348-1349 (10th Cir. 1997).

    When an applicant files a successive § 2255 motion without first seeking the required authorization, the district court must transfer the motion to the appellate court in the interest of justice pursuant to 28 U.S.C. § 1631. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

    IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion to preserve enhancement issues (Doc. 478) be treated as a successive motion for relief pursuant to 28 U.S.C. § 2255 and be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. §1631;

    IT IS FURTHERED ORDERED that the Clerk of the Court shall forward a copy of the Movant's motion (Doc. 478) and this order to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. §2244(b)(3).

SO ORDERED this 23rd day of February, 2006.

          s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge