IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
          Plaintiff, )
)
v. ) Case No. 02-10117-01-WEB
)
JESUS RAMON )
HERNANDEZ-SENDEJAS, )
)
          Defendant. )

ORDER

Before the court is the defendant's motion for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 534). After a review of the motion, the record, and the applicable law, the court denies the defendant's motion.

A review of the records shows the defendant was indicted on numerous counts involving drug offenses. The defendant entered a guilty plea to Count 3 of the second superceding indictment, conspiracy to distribute over 500 grams of a mixture or substance containing a detectable amount of methamphetamine and / or 5 kilograms of a mixture or substance containing a detectable amount of cocaine, both controlled substances, in violation of 21 U.S.C. § 846. The factual basis in the plea agreement establishes the defendant is responsible for over 3173 grams of methamphetamine. The defendant was sentenced to 168 months in the custody of the Bureau of Prisons.

The defendant's motion requests a modification of his sentence. The defendant argues Amendment 591, which became effective November 1, 2000, is retroactive and lowers his base offense level by three. Also, the defendant argues that pursuant to 2X1.1 of the United States

1

Sentencing Guidelines, his offense level should be decreased by three levels.

Amendment 591 became effective on November 1, 2000, and was retroactive. Amendment 591 revised two sections of the Guidelines. U.S. v. Gonzalez, 304 Fed.Appx. 739, 740 (10th Cir. 2008). First, section 1B1.2 was revised to clarify that the sentencing court must apply the offense guideline referenced in the Statutory index for the statue of conviction, without regard to relevant conduct. Id. Second, section 2D1.2 was revised to clarify that the enhanced penalties apply only in a case in which the defendant was convicted of an offense specifically referenced in that Guideline. Id.

The defendant's argument regarding Amendment 591 is flawed in two respects. First, a review of the presentence report completed by the probation office shows the 2002 United States Sentencing Commission Guidelines Manual was used in determining the defendant's sentence. This means Amendment 591 was in effect and the defendant would have received the benefit of the provisions if it had applied. Second, the offense guideline employed by the report, and the court, was section 2D1.1, not section 2D1.2. Amendment 591 did not apply to the defendant.

The defendant also argues that pursuant to United States Sentencing Guideline section 2X1.1, since he was convicted of conspiracy, or attempt, his base level offense should be decreased by three levels. § 2X1.1 does not apply "when an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section." U.S.S.G. § 2X1.1(c)(1)(2002). The application notes for section 2X1.1 state that offense guidelines that expressly cover attempts and conspiracies include 2D1.1. U.S.S.G. § 2X1.1, comment 1 (2002). Furthermore, the title of section 2D1.1 is "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offense); Attempt or Conspiracy. U.S.S.G. § 2D1.1

2

(2002). The plaint text of the statute shows section 2D1.1 is the applicable statute for the defendant's crime of conviction. Section 2X1.1 is not applicable to the defendant.

For the above reasons, the defendant's Motion for Modification of Sentence (Doc. 534) is DENIED.

The Clerk of the Court will see that a copy of this order is sent to the defendant.

SO ORDERED this 7th day of January, 2010.

                                                            s/ Wesley E. Brown
                                                            Wesley E. Brown
                                                            U.S. Senior District Judge